Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gold Value International Textile, Inc. d/b/a "Fiesta Fabric," <br><br> Plaintiff, <br><br> v. <br><br> MAURICES INCORPORATED d/b/a "Maurices," a Delaware Corporation; and DOES 1-10, <br><br> Defendants. | Case No. 2:26-cv-8933 <br><br> COMPLAINT FOR <br> 1. COPYRIGHT INFRINGEMENT <br> 2. CONTRIBUTORY COPYRIGHT INFRINGEMENT <br> 3. VICARIOUS COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Plaintiff Gold Value International Textile, Inc. d/b/a "Fiesta Fabric" ("Plaintiff" or "Fiesta") hereby prays to this honorable Court for relief based on the following:

## <u>JURISDICTION AND VENUE</u>

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

4.    This Court has personal jurisdiction over Defendants, and each of them. Upon information and belief, Defendants have purposefully directed their activities at, and availed themselves of the privilege of conducting business in, the State of California and this judicial district by, among other things, manufacturing, importing, distributing, advertising, offering for sale, and/or selling the Accused Products (defined hereinbelow) to consumers in California and this District, including through retail stores located in this District and/or through interactive commercial websites through which consumers in this District transact business with Defendants. The claims alleged herein arise out of and relate directly to those contacts, and the exercise of personal jurisdiction over Defendants comports with due process.

## **PARTIES**

5.    Fiesta is a California corporation that is engaged in the business of creating and selling original two-dimensional artwork and textile designs, and fabric bearing those designs, to customers in the apparel and fashion industries.

6.    Upon information and belief, Defendant MAURICES INCORPORATED, d/b/a "Maurices" ("Maurices") is a Delaware corporation with its principal place of business located at 105 West Superior Street in Duluth, Minnesota. Maurices' registered identification number ("RN"), on file with the U.S. Federal Trade Commission ("FTC") to identify apparel and accessories from it, is 51783. Upon information and belief, Maurices has distributed, offered for sale, and/or sold the Accused Products (defined hereinbelow) to customers in California and this judicial district.

7.    Upon information and belief, Defendants Does 1-10 (collectively with Maurices, "Defendants") are other parties not yet identified who have infringed

Fiesta's copyrights, have contributed to the infringement of Fiesta's copyrights, or have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants Does 1-10 are presently unknown to Fiesta, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

8.     Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted the acts or conduct alleged, with full knowledge of each and every violation of Fiesta's rights and the damages to Fiesta proximately caused thereby.

**DEFENDANTS' UNAUTHORIZED EXPLOITATION OF**<br>**FIESTA'S DESIGN CA-088**

9.     Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of garment production. It allocated this design Fiesta's Internal Design Number CA-088 (the "Subject Design"). This artwork was a creation of Fiesta and/or Fiesta's design team, and is, and at all relevant times was, owned exclusively by Fiesta.

10.     Fiesta holds a valid United States copyright registration covering the Subject Design, which registration is in full force and effect. Fiesta has complied in all respects with the Copyright Act, 17 U.S.C. § 101 et seq., and has satisfied the registration precondition to suit under 17 U.S.C. § 411(a).

11.     Since 2015, prior to the infringement alleged herein, Fiesta sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

12. Following this distribution of product bearing the Subject Design, Fiesta's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design, including to customers in California and this District.

13. Fiesta is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, the Defendants, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing unauthorized reproductions of the Subject Design (the "Accused Products"), including to customers in California and this District.

14. Non-exclusive exemplars of the Subject Design and Accused Products are set forth below:

| Subject Design | Accused Products |
|---|---|
| CA-088 | Label: Maurices<br>RN: 51783 |
| | |

| Subject Design | Accused Products |
|:---:|:---:|
| Detail | Detail |



15.     The above comparison of the Subject Design and the Accused Products demonstrates that the Accused Products are substantially and, indeed, strikingly similar to the Subject Design. The Accused Products copy the original, protectable elements of the Subject Design, including the particular selection, coordination, and arrangement of the design's constituent elements; the shapes, motifs, and figures depicted; the layout, spacing, scale, and repeat of those elements; the selection and combination of colors; and the overall look, feel, and aesthetic appeal of the Subject Design. These similarities extend to protectable expression and are not the product of independent creation, coincidence, or any common source.

16.     Fiesta is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive

5

COMPLAINT

knowledge of Fiesta's rights and/or in blatant disregard for Fiesta's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

17. Fiesta incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

18. Fiesta is the owner of a valid, subsisting copyright in the Subject Design, which is original and constitutes copyrightable subject matter. Defendants, and each of them, without Fiesta's authorization, license, or consent, copied original, protected elements of the Subject Design and thereby infringed Fiesta's exclusive rights under 17 U.S.C. § 106, including the exclusive rights to reproduce the Subject Design, to prepare derivative works based upon it, and to distribute copies of it to the public.

19. Upon information and belief, Defendants, and each of them, had access to the Subject Design, including through (a) access to Plaintiff's showroom and/or design library; (b) access to unauthorized copies of the Subject Design by third-party vendors and/or DOE Defendants, including converters and printing mills; (c) access to Plaintiff's strike-offs and samples; (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers; and/or (e) because the Subject Design and the design on the Accused Products are strikingly similar.

20. Alternatively, and in addition to the foregoing, copying may be inferred without direct evidence of access because the Subject Design was widely disseminated within the apparel and fashion industries through Fiesta's sampling and sale of fabric bearing the Subject Design since 2015, and because the Subject Design

COMPLAINT

and the designs appearing on the Accused Products are so strikingly similar as to preclude the reasonable possibility of independent creation. The similarities between the works are of a kind that would not be expected to arise absent copying.

21.     Upon information and belief, one or more of the Defendants manufactures garments and/or is a garment vendor; said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them; and said Defendant(s) supplied garments to said Defendant retailers composed of fabric bearing an unauthorized reproduction of the Subject Design and/or an infringing derivative thereof.

22.     Defendants, and each of them, created, manufactured, caused to be manufactured, distributed, offered for sale, and/or sold garments, without Plaintiff's authorization, license, or consent, that infringe Plaintiff's copyrights in the Subject Design through retail stores, catalogues, and/or websites, including to customers located in California and this District.

23.     Due to Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

24.     Due to Defendants' acts of infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, Plaintiff is entitled to disgorgement of Defendant's profits attributable to Defendant's infringement in an amount to be established at trial.

25.     Upon information and belief, Defendants, and each of them, committed acts of infringement with actual or constructive knowledge of, and/or reckless disregard or willful blindness for, Plaintiff's rights in the Subject Design, such that said acts were willful.

//

7
COMPLAINT

## SECOND CLAIM FOR RELIEF

**(For Contributory Copyright Infringement – Against All Defendants, and Each)**

26.    Fiesta hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

27.    On information and belief, Fiesta alleges that one or more Defendants and/or DOE Defendants — including the manufacturers, importers, converters, printing mills, and/or vendors who created and supplied the Accused Products — directly infringed Fiesta's copyright in the Subject Design, and that Defendants, and each of them, with knowledge of that infringing activity, knowingly induced, caused, participated in, aided and abetted, materially contributed to, and profited from the illegal reproduction and distribution of the Subject Design as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Design, and/or selling such derivative works and products and that Defendants knew, or should have known, were not authorized to be published by Defendants.

28.    Defendants, and each of them, had actual and/or constructive knowledge of, and/or were willfully blind to, the facts and circumstances surrounding the creation, reproduction, distribution, and sale of the Accused Products and the infringement of the Subject Design, including by reason of the striking similarity between the Subject Design and the Accused Products.

29.    Defendants, and each of them, materially contributed to and induced the infringing conduct by, among other things, ordering, purchasing, importing, distributing, promoting, offering for sale, and selling the Accused Products, and by providing the means, market, and distribution channels through which the infringing Accused Products reached consumers, including consumers in California and this District.

30.     Fiesta alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Fiesta's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

31.     By reason of Defendants' acts of contributory infringement as alleged above, Fiesta has been damaged and has suffered damages in an amount to be established at trial.

32.     Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Fiesta's rights in the Subject Design. As such, Fiesta is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Design, in an amount to be established at trial.

33.     Fiesta is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Fiesta will make its election between actual damages and statutory damages.

### THIRD CLAIM FOR RELIEF

**(For Vicarious Copyright Infringement - Against All Defendants, and Each)**

34.     Fiesta repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

35.     On information and belief, Fiesta alleges that Defendants, and each of them, are vicariously liable for the direct infringement committed by their suppliers and/or the DOE Defendants (including the manufacturers, importers, converters,

9
COMPLAINT

printing mills, and/or vendors that created and supplied the Accused Products) because Defendants had the right and ability to supervise, control, and stop that infringing conduct and declined to do so, and because Defendants had a direct financial interest in that infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Accused Products, and had the right and practical ability to supervise and control the selection, reproduction, manufacture, and distribution of the Accused Products, including through their vendor agreements and purchase orders, their contractual right to inspect, approve, accept, or reject goods and designs, and their ability to decline to purchase or sell infringing merchandise.

36.    Defendants also have a direct financial interest in their suppliers' conduct, including with respect to the Accused Products, because Defendants realize increased profits through the proliferation and dissemination of the Accused Products through their retail business by disregarding the intellectual property rights of copyright holders such as Fiesta and saving money on licensing fees and costs with regard to the same. The availability of the Accused Products bearing the infringing design acted as a draw to Defendants' customers and directly enhanced the commercial value and saleability of Defendants' merchandise.

37.    Fiesta alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

38.    By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Fiesta has suffered general and special damages in an amount to be established at trial.

39.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Fiesta's rights in the Subject

Design. As such, Fiesta is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Fiesta's rights in the Subject Design, in an amount to be established at trial.

40. On information and belief, Fiesta alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, their agents, and/or anyone else working in concert with Defendants and their agents, be enjoined from infringing Plaintiff's copyrights in any manner and from further creating, manufacturing, causing to be manufactured, distributing, offering for sale, and/or selling the Accused Products;

b. That Defendants be required to deliver up for impoundment and destruction all infringing copies, including all garments, fabric, and other products bearing the Subject Design or any reproduction or derivative thereof, together with all means for making the same, pursuant to 17 U.S.C. § 503;

c. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

d. That Plaintiff be awarded its fees as available under 17 U.S.C. § 505;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

COMPLAINT

f.  That Plaintiff be awarded the costs of this action; and

g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                        Respectfully submitted,

Dated: August 11, 2026           By:   */s/ Andres Navarro*
                                        Trevor W. Barrett, Esq.
                                        Andres Navarro, Esq.
                                        **DONIGER / BURROUGHS**
                                        *Attorneys for Plaintiff*

COMPLAINT